Goldsmith *v.* Bane.

---

SAMUEL GOLDSMITH *v.* EDWARD BANE.

### CERTIORARI.

A witness who never saw the defendant write nor received any letters from him, and had no other knowledge of his hand-writing than from having seen writings which were said by other persons, not under oath at the time, to be the writing of the defendant, and comparing it in his mind with the instrument produced, is not a competent witness to prove such instrument.

The evidence which a particular witness gave before the justice, may, where such evidence can be correctly had, be brought before the Supreme Court by affidavit, for the purpose of shewing that such evidence was incompetent or that the justice erred in admitting it.

---

The opinion of the court was delivered by EWING, C. J.

On the hearing before the justice, which took place in the absence of the defendant Goldsmith, Bane the plaintiff, produced one witness only, named Thomas Cross, to prove the hand-writing of Goldsmith to an instrument, called in the state of demand a due bill, and on which the action was brought. Cross testified that he had never seen Goldsmith write nor ever received any letters from him; that the

knowledge he had of Goldsmith's hand-writing was only from writings he had seen which were said by other persons, not under oath at the time, to be his hand-writing, and by comparing that writing in his mind with the due bill, it appeared to him to be the same hand-writing.

An affidavit of Cross, taken under a rule of this court, was read on the argument at the bar to shew what had been testified by him, and the incompetency of his evidence is one of the reasons assigned for the reversal of the judgment.

The evidence was clearly incompetent. It was from mere comparison, and that of the very lowest order and under the most suspicious circumstances. But it was contended that the manner of bringing the case here, upon affidavit of the witness himself who was examined below, and detailing the evidence given before the justice, is irregular and inadmissible.

The subject is not one of those matters which the justice is required to enter on his docket. The mode of bringing it here then, by affidavit, under rule obtained, is proper, as has been repeatedly decided by this court. The course of proceeding in this respect is fully and distinctly stated by the court in the case of *Sockwell* v. *Bateman,* 1 *Southard,* 364.

To spread upon affidavit and produce here, the evidence given before the justice, for the purpose of shewing that upon the case before him he rendered an erroneous judgment (unless perhaps in some isolated case where a mere question of law upon uncontroverted facts came before him, and of the rule in such circumstances I express no opinion at present), would be irregular, and such affidavit would not be considered; but to give the evidence of a particular witness where it can be correctly had, for the purpose of shewing that such evidence was incompetent and that the justice therefore erred in admitting it, is conformable to rule and to convenience. The plaintiff proceeding in the absence

of the defendant produces evidence at his peril, for it has been decided, *Lummis* v. *Strattan, Pen. Rep.* 245; *Skillman* v. *Quick*, 1 *South.* 102, that incompetent evidence examined in the court for the trial of small causes, even in the presence of a party and without objection, where the cause is conducted by the parties themselves and without counsel, is ground of reversal.

Where an affidavit is admissible upon certiorari, no legal objection can exist to such affidavit being made by the witness who was before the justice. It seems indeed the safest source of correct information. He may not only best declare what he testified, but as Cross adds, all he testified.

In my opinion, the subject was regularly brought before us, the affidavit was properly read here, the evidence was incompetent, and the judgment of the justice should be reversed.